IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT SMITH, | : | No. 4:CV-05-1889 |
| | : | |
| Petitioner | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Smyser) |
| | : | |
| RONNIE HOLT, | : | |
| | : | |
| Respondent. | : | |

**MEMORANDUM AND ORDER**

**February 28, 2006**

The plaintiff, Robert Smith ("Plaintiff" or "Smith"), a prisoner proceeding pro se, initiated this 28 U.S.C. § 2241 action by filing a Petition for Writ of Habeas Corpus ("the Petition"). Petitioner is challenging a finding by a disciplinary hearing officer ("DHO") at the Federal Correctional Institution at Schuylkill ("FCI-Schuylkill") that he violated Bureau of Prison rules by possessing a weapon. As a result of the DHO's finding, Petitioner was sanctioned with the loss of good conduct time credits.

The case was referred to Magistrate Judge J. Andrew Smyser for preliminary review. On February 3, 2006, Magistrate Judge Smyser issued a report recommending that the Petition be denied and the case closed. Objections to the

1

Magistrate Judge's Report and Recommendation were due by February 21, 2006 and to date none have been filed.

## STANDARD OF REVIEW:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

## DISCUSSION:

Our review of this case confirms the Magistrate Judge's determinations and although we have not been presented with any reason to revisit them, we will briefly reiterate the salient aspects of the Magistrate Judge's report and recommendation.

We initially note that Petitioner claims that his rights under the Fifth, Sixth, and Eighth Amendments were violated by the DHO finding him guilty of possession of a knife and he is seeking the return of his forfeited good time credits. As the Magistrate Judge explained, the Supreme Court has held that the revocation of good time credits does not comport with the minimum requirements of due

process unless the findings of the disciplinary body are supported by some evidence in the record. See Superintendent v. Hill, 472 U.S. 445, 454-56 (1985) ("Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board."). In the case sub judice, the DHO found Petitioner guilty of possession of a knife on the basis that he was responsible for the contents of his assigned cell and living area. (Rep. & Rec. at 6-7). We agree with the Magistrate Judge that pursuant to the doctrine of constructive possession, Petitioner was responsible for contraband found in his cell and although there was no direct evidence that the knife belonged to him, given that it was found in Petitioner's cell, the DHO's decision that Petitioner was guilty of possession of a weapon is supported by some evidence. Vega v. Williamson, 2005 WL 3117677 at *3 (M.D. Pa. Nov. 22, 2005); White v. Kane, 860 F. Supp. 1075, 1078 (E.D. Pa. 1994) (holding that since prison regulations place an inmate in constructive possession of any object found within his cell, a guard's written report that contraband was found in inmate's cell constitutes some evidence of the misconduct with which the inmate was charged), aff'd, 52 F.3d 319 (3d Cir. 1995). Accordingly, having reviewed the DHO report, we are in agreement with the Magistrate Judge that the DHO applied the greater of the weight evidence standard set forth in 28 U.S.C. § 541.17(f) and that there is some evidence to support the

DHO's conclusion that Petitioner was guilty of possession of a knife. Petitioner's due process claim is without merit.

Second, Petitioner's equal protection claims are meritless as he has not alleged or established that he was treated differently than any other similarly situated inmate. See Artway v. Attorney General, 81 F.3d 1235, 1267 (3d Cir. 1996) (quoting City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985) (The equal protection claim "is not a command that all persons be treated alike but, rather, 'a direction that all persons similarly situated should be treated alike.'")).

Third, Petitioner's Eighth Amendment claim is without merit as merely being found guilty of possession of a weapon and sanctioned with forfeiture of good time credits, sixty days disciplinary segregation, and one year loss of telephone and visiting privileges does not amount to cruel and unusual punishment in violation of the Eighth Amendment. Petitioner does not allege that while in disciplinary segregation he was denied the necessities of life.

Finally, Petitioner's Sixth Amendment claims that by finding him guilty of possession of a knife, the DHO violated his Sixth Amendment rights, are likewise without merit because the Sixth Amendment guarantees apply only to criminal prosecutions and prison disciplinary proceedings are not criminal prosecutions within the meaning of the Sixth Amendment. Kirby v. Illinois, 406 U.S. 682, 690

(1972); see also Wolff v. McDonnell, 418 U.S. 539, 556 (1974).

Because we find no error in Magistrate Judge Smyser's report and recommendation and, because no objections have been filed, we will adopt the report as our own.

**NOW, THEREFORE, IT IS ORDERED THAT**:

1. Magistrate Judge Smyser's Report and Recommendation (doc. 11) is accepted in its entirety.

2. The Petition for Writ of Habeas Corpus is denied.

3. The Clerk shall close the file on this case.

4. Based on the Court's conclusions herein, there is no basis for the issuance of a certificate of appealability.

s/ John E. Jones III  
John E. Jones III  
United States District Judge